UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORBRIEN DEVON KORNEGAY,<br><br>　　　　　　Plaintiff,<br><br>　　　-against-<br><br>LIEUTENANT R. DAWSON;<br>LIEUTENANT HUFF; OFFICER C.<br>BROWNLING; CUMBERLAND FEDERAL<br>CORRECTIONAL INSTITUTION,<br><br>　　　　　　Defendants. | 25-CV-2311 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Orbrien Devon Kornegay, who is currently incarcerated at FCI Otisville, brings this civil rights action under the Court's federal question jurisdiction, alleging that Defendants violated his rights during his incarceration at Federal Correctional Institution (FCI) Cumberland in Cumberland, Maryland. He brings this suit against Defendants "FCI Cumberland," Lieutenants Dawson and Huff, and Officer Brownling, all employed at FCI Cumberland. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the District of Maryland.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings suit against FCI Cumberland staff, seeking damages for alleged retaliation and due process violations arising at FCI Cumberland. Although Plaintiff does not allege specific facts about where defendants reside, he alleges that all three are employed at FCI Cumberland in Maryland. It is therefore plain from the face of the complaint that all defendants do not reside in the State of New York, and venue therefore is not proper in this district under Section 1391(b)(1). Plaintiff also alleges that all of the events giving rise to his claims took place at FCI Cumberland in Maryland, and venue therefore is not proper in this district under Section 1391(b)(2), based on the location where the events giving rise to the claims occurred.[1]

If a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Cumberland, Maryland, which is in the United States District Court for the District of Maryland, Northern Division. *See*  28 U.S.C.

---

[1] Venue for an action under 28 U.S.C. § 2241 is generally proper in the district of confinement. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). Plaintiff has not styled this action as a Section 2241 petition, and he seeks damages, which are unavailable in a *habeas* petition, *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Plaintiff does not indicate that he seeks to restore good conduct time lost as a disciplinary sanction, though he adds to his prayer for damages a request for "immediate release." The Court declines to recharacterize this action *sua sponte* as a habeas petition on the basis of his request for release from incarceration. *See*, *e.g.*, *Acevedo v. Capra*, 545 F. Supp. 3d 107, 117-18 (S.D.N.Y. 2021) (holding that it is the nature of the claim, rather than the request for relief, that determines the proper vehicle because otherwise "[a]ny prisoner alleging any constitutional violation could proceed in *habeas* if all s/he had to do was assert that nothing short of release would cure the constitutional taint.").

§ 100(1). Accordingly, venue lies in the District of Maryland, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Maryland, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maryland, Northern Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 5, 2026
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

3